UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JESUS MAGO,<br>　　Plaintiff, | :<br>:<br>: |
| v. | : Case No. 3:20cv1466 (MPS) |
| | : |
| LIEUTENANT FINNUCAN, ET AL.,<br>　　Defendants. | :<br>: |

## INITIAL REVIEW ORDER

The plaintiff, Jesus Mago, is currently incarcerated at MacDougall-Walker Correctional Institution in Suffield, Connecticut ("MacDougall-Walker"). He files this civil rights action pursuant to 42 U.S.C. § 1983 against Lieutenant Finnucan and Correctional Officers Rodriguez, Duley, and Smith. He alleges that on January 8, 2020, the defendants used excessive force against him. For the reasons set forth below, the Court will dismiss without prejudice.

**I.      Standard of Review**

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.* In undertaking this review, the Court is obligated to "construe" complaints "liberally and interpret[] [them] to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (internal quotation marks and citation omitted).

Although detailed allegations are not required under Rule 8(a) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Twombly*, 550 U.S. at 555, 557).

## II.     Factual Allegations

On January 8, 2020, at Bridgeport Correctional Center, Lieutenant Finnucan called the plaintiff down to his office and asked the plaintiff about the statements that he had made in the dayroom about God. *See* Compl., ECF No. 1, at 5 ¶ 1. The plaintiff asked Lieutenant Finnucan whether he thought it was unacceptable to speak about God, but was acceptable to gamble, play poker, and look at pornographic magazines. *Id.* ¶ 2. Before the plaintiff had finished speaking, Lieutenant Finnucan ordered Correctional Officers Rodriguez, Duley, and Smith to drag the plaintiff out of his office. *Id.* ¶ 3. Correctional Officer Rodriguez forcefully grabbed the plaintiff by his right hand and bent his wrist back and Correctional Officer Duley forcefully grabbed the plaintiff by his left hand and bent his wrist back. *Id.* at 5-6 ¶ 4. The plaintiff yelled that he was not resisting and that the officers were hurting him. *Id.* at 6 ¶ 4.

As multiple other correctional officers arrived at the scene, Officers Rodriguez, Duley, and Smith slammed the plaintiff's face against the wall. *Id.* ¶ 5. The plaintiff did not resist. *Id.* ¶ 6. Lieutenant Finnucan sprayed the plaintiff in the face with a chemical agent. *Id.* ¶ 7. Multiple officers slammed the plaintiff on the ground and jumped on his back causing him to experience pain in his spinal cord. *Id.* ¶¶ 8-9. The plaintiff yelled for assistance. *Id.* ¶ 9.

Officers escorted the plaintiff to the restrictive housing unit but did not properly decontaminate him from the effects of the chemical agent that Lieutenant Finnucan had sprayed in his face. *Id.* ¶ 10.

The plaintiff experienced severe pain in his back and requested medical treatment. *Id.* ¶ 11. No one responded to his request. *Id.*

### III.     Discussion

Although the plaintiff does not articulate any specific claims against the defendants, the Court liberally construes the allegations in the complaint to state a claim that the defendants used unnecessary force against him. The complaint is deficient, however, because it includes no request for relief of any kind. Federal Rule of Civil Procedure 8(a)(3) requires that a complaint include "a demand for the relief sought, which may include relief in the alternative or different types of relief." *Id.* The Court will permit the *pro se* plaintiff to file an amended complaint to add a request for relief.

#### A.     Fourteenth Amendment – Excessive Force

State of Connecticut Department of Correction records reflect that the plaintiff was admitted to a prison facility on April 1, 2019 and that he has not been convicted or sentenced. *See* http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=223179. Because the plaintiff was a pretrial detainee at the time the incident occurred at Bridgeport Correctional Center, the Fourteenth Amendment is applicable to his use of force claim. *See Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989) ("It is clear, however, that the Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment") (citing *Bell v. Wolfish,* 441 U.S. 520, 535–539 (1979)).

In *Kingsley v. Hendrickson,* 596 U.S. 389 (2015), the Supreme Court held that in deciding whether the force used by a prison official against a pretrial detainee was excessive under the Fourteenth Amendment, "courts must use an objective standard" rather than "a subjective standard that takes into account [the prison official's] state of mind." *Id.* at 394-95. Accordingly, to state an excessive force claim against a prison official, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Id.* at 396-97. The determination of reasonableness must be made "from the perspective of a reasonable officer on the scene, including what the officer knew at the time. . . ." *Id.* at 397. Various considerations "may bear on the reasonableness or unreasonableness of the force used[,]" including the "relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting," among others. *Id.*

Given the plaintiff's allegations that in response to verbal statements that he made to Lieutenant Finnucan, Officers Rodriguez, Duley, and Smith bent his wrists back and slammed him against the wall and Lieutenant Finnucan sprayed him directly in the face with a chemical agent even though he did not fail to comply with any orders or resist in any way, the plaintiff has stated a plausible claim that the force used by Lieutenant Finnucan and Officers Rodriguez, Duley, and Smith was objectively unreasonable. The Court will permit this Fourteenth Amendment claim of excessive force claim to proceed against the defendants in their individual capacities.

### B. Deliberate Indifference to Health

The plaintiff alleges that the officers who escorted him to the restrictive housing unit failed to properly decontaminate him from the chemical agent that Lieutenant Finnucan had sprayed into his face. In addition, during his confinement in the restrictive housing unit, the plaintiff requested medical treatment for severe back pain but received no response to his request.

In *Darnell v. Pineiro*, 849 F.3d 17 (2017), the Second Circuit held that claims pertaining to the conditions of a pretrial detainee's confinement in a state prison facility should be evaluated under the Fourteenth Amendment's Due Process Clause because "[a] [p]retrial detainee[] ha[s] not been convicted of a crime and thus may not be punished in any manner—neither cruelly and unusually nor otherwise." *Id.* at 29. There are two prongs to a Fourteenth Amendment deliberate indifference claim involving the conditions of confinement of a pretrial detainee. *Id.* Under the first prong, a detainee must allege that "the conditions, either alone or in combination, pose[d] an unreasonable risk of serious damage to his health . . . which includes the risk of serious damage to physical and mental soundness." *Id.* at 30 (internal quotation marks and citations omitted). A district court evaluates the conditions to which the detainee was exposed in the context of contemporary standards of decency and addresses, *inter alia*, whether the detainee has been deprived of basic human needs including, for example, food, clothing, shelter, medical care, and reasonable safety, or has been subjected to an unreasonable risk or serious harm to his or her future health. *Id.* (internal quotation marks and citations omitted).

The second prong, also called the "*mens rea*" or state of mind prong, of the "deliberate indifference [standard] is defined objectively." *Id.* at 35. Thus, "the Due Process Clause can be

5

violated when an official does not have subjective awareness that the official's acts (or omissions) have" created a condition that poses "a substantial risk of harm" to a detainee. *Id.* To meet the second prong of a Fourteenth Amendment conditions claim, a detainee must allege that the prison official "acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to [him or her] even though the [prison]-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* Mere negligent conduct by a prison official does not satisfy the second prong of the Fourteenth Amendment standard. *Id.* at 36.

The Fourteenth Amendment standard set forth in *Darnell* applies not only to claims pertaining to the conditions of confinement of a pretrial detainee but also to claims involving a denial or delay in the provision of medical treatment to a pretrial detainee. *See, e.g., Roice v. Cty. of Fulton*, 803 F. App'x 429, 430, 432 (2d Cir. 2020) (summary order) (applying *Darnell's* Fourteenth Amendment standard to pretrial detainee's claim that prison medical providers failed to promptly treat his complaints of abdominal pain and nausea); *Valdiviezo v. Boyer*, 752 F. App'x 29, 32-33 (2d Cir. 2018) (summary order) (observing that pretrial detainees' claims of deliberate indifference to serious medical needs should be evaluated under *Darnell*'s Fourteenth Amendment standard rather than Eighth Amendment standard).  There are two prongs to a Fourteenth Amendment deliberate indifference to medical needs claim. *See id.* Under the first prong, a detainee must allege that his or her medical need or condition was "a serious one." *Brock v Wright*, 315 F.3d 158, 162 (2d Cir. 2003). A "sufficiently serious" deprivation can exist if the plaintiff suffers from an urgent medical condition that can cause death, degeneration, or extreme or chronic pain. *Id.* at 162-63.

6

Under the second prong, a detainee must allege that the prison official "acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to [him or her] even though the [prison]-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell*, 849 F.3d at 35.  Deliberate indifference can include indifference "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle v. Gamble,* 429 U.S. 97, 105 (1976).

The plaintiff does not indicate whether any of the named defendants escorted him to the restrictive housing unit.  Nor does he allege that he experienced any harmful effects from the improper decontamination attempts made by unidentified officers.  Furthermore, he does not allege that he orally requested medical treatment from or submitted a request for medical treatment to one or more of the defendants.  There are insufficient facts to suggest that the named defendants were aware or should have been aware that the attempts to decontaminate the plaintiff from the effects of the chemical agent were deficient or that he required medical treatment for back pain.  Thus, as alleged, these facts do not state a claim that the defendants violated the plaintiff's Fourteenth Amendment right not to be subjected to a condition that posed a substantial risk of harm to his health.  Nor do the facts state a claim that the defendants violated the plaintiff's Fourteenth Amendment right not to be subjected to deliberate indifference to a serious medical need.  These Fourteenth Amendment claims are dismissed without prejudice. *See* 28 U.S.C. § 1915A(b)(1).

**ORDERS**

In accordance with the foregoing analysis, the Court enters the following orders:

(1) The Fourteenth Amendment deliberate indifference to health claims asserted in the complaint are **DISMISSED** without prejudice under 28 U.S.C. § 1915A(b)(1). Although the complaint asserts facts to state a plausible Fourteenth Amendment claim of excessive force against all defendants, the complaint is deficient because it does not include a request for relief. As such, it is subject to dismissal for failure to comply with Rule 8(a), Fed. R. Civ. P.

The Court will permit the plaintiff twenty (20) days to file an amended complaint to include a request for relief, to reassert his Fourteenth Amendment excessive force claim, and to assert facts to state a plausible claim that one or more of the defendants was deliberately or recklessly indifferent to his health in response to his need to be decontaminated from the effects of the chemical agent, and/or to assert facts to state a plausible claim that one or more of the defendants was deliberately or recklessly indifferent to his need for medical treatment for back pain that he experienced as a result of the force used against him.

The Court reminds the plaintiff that an amended complaint completely replaces the original complaint. Thus, if the plaintiff chooses to file an amended complaint and seeks to proceed as to the claim that the defendants used excessive force against him on January 8, 2020 in violation of the Fourteenth Amendment, he must include the facts from the complaint describing the force used by the defendants on that day.

(2) The Clerk is directed to mail a copy of this order, a copy of the complaint, and an amended prisoner civil rights complaint form to the plaintiff at his address on file with the Court. The plaintiff will have twenty days from the date of this order to file an amended complaint. If the plaintiff chooses not to file an amended complaint within the time specified, the Court will

enter an order dismissing all claims asserted in the complaint under 28 U.S.C. § 1915A(b)(1) and Rule 8(a), Fed. R. Civ. P.

      SO ORDERED at Hartford, Connecticut this 19th day of January, 2021.

                                        _____/s/_____
                                        Michael P. Shea
                                        United States District Judge