UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JESUS MAGO,

    *Plaintiff*,

    v.

THOMAS FINNUCAN, et al.,

    *Defendants*.

No. 3:20cv1466(MPS)

**RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

In 2020, the Plaintiff, Jesus Mago, filed this civil rights action *pro se* against Department of Correction officials asserting claims arising out of a January 8, 2020 incident that occurred while he was confined at the Bridgeport Correctional Center.  In 2021, after he obtained counsel, the Plaintiff filed an amended complaint against DOC employees Thomas Finnucan, Nicholas Rodriguez, Michael Smith, and Mark Duley, alleging excessive force and violation of his First Amendment rights.  ECF No. 37.  The Defendants move for summary judgment on the ground that the Plaintiff failed to exhaust administrative remedies before filing this lawsuit, as required by the Prison Litigation Reform Act.  ECF No. 54.  For the reasons that follow, the motion is denied.

**I.     LEGAL STANDARD**

    A.     Summary Judgment

A motion for summary judgment may be granted only where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Nick's Garage, Inc. v. Progressive Cas. Ins. Co*., 875 F.3d 107, 113-14 (2d Cir. 2017). "A genuine issue of material fact exists if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Nick's Garage*, 875 F.3d at 113-14 (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986)).  In reviewing the evidence, the court must "construe the facts in the light most favorable to the non-moving party and ... resolve all

ambiguities and draw all reasonable inferences against the movant." *Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 167 (2d Cir. 2014) (internal quotation marks omitted).

The moving party bears the burden of demonstrating that no genuine issue exists as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets this burden, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009). He cannot "rely on conclusory allegations or unsubstantiated speculation" but "must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Robinson v. Concentra Health Servs.*, 781 F.3d 42, 44 (2d Cir. 2015) (quotation marks and citation omitted).

B.     Exhaustion of Administrative Remedies

The Prison Litigation Reform Act ("PLRA") requires a prisoner pursuing a federal lawsuit to exhaust available administrative remedies before a court may hear his case. *See* 42 U.S.C. § 1997e(a) (providing in pertinent part that "[n]o action shall be brought with respect to prison conditions under section 1983 ... or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *see also Ross v. Blake*, 578 U.S. 632, 635 (2016). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The PLRA requires "proper exhaustion"; the inmate must use all steps required by the administrative review process applicable to the institution in which he is confined and do so properly. *Jones v. Bock*, 549 U.S. 199, 218 (2007) (citing *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)); *see also Amador v. Andrews*, 655 F.3d 89, 96 (2d Cir. 2011) (exhaustion necessitates

"using all steps that the [government] agency holds out and doing so properly"). "Exhaustion is mandatory—unexhausted claims may not be pursued in federal court." *Amador*, 655 F.3d at 96; *see also Jones*, 549 U.S. at 211.  Exhaustion of administrative remedies must be completed before the inmate files suit.  *Baez v. Kahanowicz*, 278 F. App'x 27, 29 (2d Cir. 2008).

An inmate's failure to exhaust administrative remedies is only excusable if the remedies are unavailable. *See Ross*, 578 U.S. at 642. The Supreme Court has determined that "availability" in this context means that "an inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Id.* (quotation marks and internal citations omitted). An administrative procedure is "unavailable" when (1) "it operates as a simple dead end – with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) it is "so opaque that it becomes, practically speaking, incapable of use"; or (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 643.  The Second Circuit has noted that "the three circumstances discussed in *Ross* do not appear to be exhaustive[.]" *Williams v. Priatno*, 829 F.3d 118, 123 n.2 (2d Cir. 2016).

Exhaustion of administrative remedies is an affirmative defense on which the defendants bear the burden of proof.  *See Jones*, 549 U.S. at 216. "Once the defendants establish that administrative remedies were not exhausted before the inmate commenced the action, the plaintiff must establish that administrative remedy procedures were not available to him under *Ross*, or present evidence showing that he did exhaust his administrative remedies."  *Jumpp v. Simonow*, No. 3:20CV1225(KAD), 2021 WL 3493535, at *3 (D. Conn. Aug. 9, 2021). *See Smith v. Kelly*, 985 F. Supp. 2d 275, 284 (N.D.N.Y. 2013) ("once a defendant has adduced reliable evidence that administrative remedies were available to the plaintiff and that the plaintiff nevertheless failed to

exhaust those administrative remedies, the plaintiff must then 'counter' the defendant's assertion by showing exhaustion [or] unavailability").

      C.     Connecticut's Inmate Grievance Procedure

Connecticut Department of Correction's inmate grievance procedure is set forth in Administrative Directive 9.6.  ECF No. 54-4 (version of Directive 9.6 in effect at the time of the underlying incident).  Under the Administrative Directive, an inmate must first attempt to resolve the matter informally.  He may attempt to resolve the issue verbally with an appropriate staff member or supervisor.  ECF No. 54-4 at 5, Admin. Dir. 9.6(6)(A).  If attempts to resolve the matter verbally are not effective, the inmate must make a written request using a specified form and send the form to the appropriate staff member or supervisor. *Id.* If an inmate does not receive a response to the written request within fifteen business days, or the inmate is not satisfied with the response to his request, he may file a Level 1 grievance. ECF No. 54-4 at 6, Admin. Dir. 9.6(6)(C).

The Level 1 grievance must be filed within thirty calendar days from the date of the occurrence or discovery of the cause of the grievance and should include a copy of the response to the written request to resolve the matter informally or explain why the response is not attached. *Id.* The Unit Administrator shall respond in writing to the Level 1 grievance within thirty business days of his or her receipt of the grievance. ECF No. 54-4 at 7, Admin. Dir. 9.6(6)(I).

The inmate may appeal the disposition of the Level 1 grievance by the Unit Administrator, or "[i]f a response to a Level 1 grievance is not received within 30 business days[.]"  ECF No. 54-4 at 7, Admin. Dir. 9.6(6)(I), (K).

## II.    FACTS

The following facts are taken from the parties' Local Rule 56(a) Statements and supporting exhibits and are undisputed unless otherwise indicated.

The Plaintiff was housed at Bridgeport Correctional Center from April 1, 2019 to March 2, 2020.  ECF No. 54-2 ¶ 7; ECF No. 58-3 ¶ 7.  The incident described in the Plaintiff's complaint occurred on January 8, 2020.  ECF No. 54-2 ¶ 8; ECF No. 58-3 ¶ 8.  Administrative Directive 9.6 requires that a grievance be filed within 30 days of the occurrence or discovery of the cause of the grievance.  ECF No. 54-2 ¶ 6; ECF No. 58-3 ¶ 6.  The Administrative Remedies Coordinator at Bridgeport Correctional, Austin Edwards, reviewed the grievance log for Bridgeport Correctional Center and found no grievances in the log - of any kind - filed by the Plaintiff from January 8, 2020 through February 7, 2020. ECF No. 54-2 ¶ 9; ECF No. 58-3 ¶ 9.  See also ECF No. 54-1, Edwards Aff. ¶¶ 15-16.

The Plaintiff maintains, however, that he did in fact exhaust administrative remedies.  He testified at his deposition that he followed the grievance process "step by step."  ECF No. 58-1, Mago Dep. at 7, 11, 15.  He tried to talk to DOC staff but was ignored.[1]  ECF No. 58-1, Mago Dep. at 10.  He filed grievances about the incident but received no response.  ECF No. 58-1, Mago Dep. at 6, 7, 8, 9, 15, 16.  He testified that he made copies of the grievances but that he does not know where they are.  ECF No. 58-1, Mago Dep. at 6, 15.  He seems to suggest that they were lost when he was moved. ECF No. 58-1, Mago Dep. at 10.

## III.    DISCUSSION

Defendants point to Edwards's affidavit and the grievance log and assert that there is no genuine issue of material fact that the Plaintiff "never filed a grievance regarding the defendants' actions of January 8, 2020." ECF No. 54-1 at 2; 8 ("Plaintiff filed no grievances within the 30 day period from January 8, 2020 until February 7, 2020.").  But as noted, the Plaintiff has submitted sworn testimony that contradicts this evidence.  On the present record, when the evidence is viewed

---

[1] It is unclear from the excerpts of the deposition testimony submitted with Plaintiff's opposition precisely when he attempted to discuss his concerns with staff.  ECF No. 58-1, Mago Dep. at 10.

in the light most favorable to, and all inferences are drawn in favor of, the Plaintiff, genuine issues of fact exist as to whether the Plaintiff satisfied the exhaustion requirement. Therefore, the Defendants' motion for summary judgment is denied.

"[T]he Second Circuit has held that factual disputes concerning exhaustion under the PLRA must be determined by courts rather than juries." *Coley v. Garland*, 19-CV-0382, 2023 WL 346242, at *4 (N.D.N.Y. Jan. 20, 2023) (citing *Messa v. Goord*, 652 F.3d 305, 308-09 (2d Cir. 2011). The Court will conduct an evidentiary hearing on the issue of exhaustion of administrative remedies on **August 17, 2023 at 11 am**.[2]

## IV.   CONCLUSION

For the foregoing reasons, the Defendants' motion for summary judgment (ECF No. 54) is DENIED.   An evidentiary hearing is scheduled for **August 17, 2023 at 11 am**.   Defendants' response to the Plaintiff's request for preclusion under Rule 37(c) shall be filed by **August 11,**

---

[2] The Plaintiff asserts that under Fed. R. Civ. P. 37(c)(1), the Court should not consider either the affidavit or the grievance log because Defendants failed to disclose Edwards as a witness and failed to produce the log to the Plaintiff during discovery. ECF No. 58-2 at 9-11.
Rule 37(c) provides that
(1) Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
(A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
(B) may inform the jury of the party's failure; and
(C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).
"The purpose of the rule is to prevent the practice of 'sandbagging' an opposing party with new evidence." *Haas v. Delaware & Hudson Ry. Co.*, 282 F. App'x 84, 86 (2d Cir. 2008). "In considering whether preclusion of information is warranted under Federal Rule of Civil Procedure 37(c)(1), a district court must consider '(1) the party's explanation for the failure to comply with the disclosure requirement; (2) the importance of the [evidence]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new [evidence]; and (4) the possibility of a continuance.'" *Clones Inv., LLC v. People's Ins. Co. of China Prop. & Cas. Co. Ltd.*, 792 F. App'x 126, 128 (2d Cir. 2020) (quoting *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 (2d Cir. 2006)). "[A]lthough a 'bad-faith' violation of the Rule 26 is not required in order to exclude evidence pursuant to Rule 37, it can be taken into account as part of the party's explanation for its failure to comply." *Design Strategy, Inc.*, 469 F.3d at 296.
The Defendants shall file any response to the Plaintiff's assertion by August 11, 2023. The Court will take up the issue during the evidentiary hearing.

**2023.**

IT IS SO ORDERED.

_____/s/_____
Michael P. Shea, U.S.D.J.

Dated:        Hartford, Connecticut
              July 28, 2023